IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

JAMES WOOD, JR.,

    Plaintiff,

v.

BUDZIK & DYNIA, LLC and
LVNV FUNDING, LLC,

    Defendants.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4.    Plaintiff, JAMES WOOD, JR. ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Pasco, and City of Hudson.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, LVNV FUNDING, LLC, ("Defendant LVNV") is a limited liability company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, BUDZIK & DYNIA, LLC ("Defendant B&D") is a limited liability company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

9. Defendant B&D is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Defendant B&D, itself and on behalf of Defendant LVNV, sent Plaintiff initial written correspondence dated July 2, 2010 in which Defendant B&D stated "Federal law gives you thirty days after you review this letter to dispute the validity of a debt or any part of it. If you don't dispute it within that period, we will assume it is valid." (See Correspondence Dated July 2, 2010, attached hereto as Exhibit "A").

14. This statement failed to properly notice Plaintiff of the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.* as follows:

    a. The thirty day dispute period to which Defendant B&D refers does not begin upon Plaintiff's *review* of the letter.  The thirty day dispute period to which Defendant B&D refers begins upon Plaintiff's *receipt* of the letter.  The improper notice as propounded by Defendant B&D could lead a Least Sophisticated Consumer to believe, for example, that if the letter were not reviewed for 10 days, that the dispute period would amount to 40 days;

    b. Federal law does not limit Plaintiff's right to dispute the debt to thirty days.  Plaintiff may dispute an alleged debt at any time, including, but not limited to, the filing of defensive pleadings were the alleged debt to enter litigation.  The improper recital of the required disclosures in Defendant B&D's correspondence could lead a Least Sophisticated Consumer to believe that after 30 days, the right to contest the debt would have passed.  A correct recital of the required disclosures pursuant to 15 U.S.C. 1692g(a) *et seq.*, if meaningfully conveyed, would have notified Plaintiff that were Plaintiff not to dispute the debt within 30 days of receipt of Defendant B&D's letter, that Defendant B&D would assume the debt to be valid, clearly indicating that such would be the *sole consequence* of having failed to notify Defendant B&D of a dispute.

15. Defendants' failure to properly notify Plaintiffs of his rights pursuant to 15 U.S.C. 1692g(a) *et seq.*, in the manner presented, amounts to a misrepresentation and deceptive practice in connection with the collection of a debt.

16. Defendant B&D, itself and on behalf of Defendant LVNV, sent Plaintiff initial written correspondence dated July 2, 2010 that was placed upon Defendant B&D's law firm letterhead, and in said correspondence referred to itself as having been "retained" by its "client."

17. These representations are in direct conflict and belie Defendant B&D's disclaimer that "[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

18. The correspondence misrepresented the level of attorney participation in the collections process.

19. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## **COUNT I**

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

21. Defendants violated 15 U.S.C. § 1692g(a) by failing to meaningfully convey to Plaintiff the notices requires by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

23. Defendants violated 15 U.S.C. § 1692e(10) by using false and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

25. Defendants violated 15 U.S.C. § 1692e(3) by falsely representing the level of attorney involvement in the collection process.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated 15 U.S.C. § 1692e(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 28th day of September, 2010.

Respectfully submitted,
**JAMES WOOD JR.**

By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

**Exhibit "A"**